**Jose Francisco REGALADO–PEREZ, Petitioner,**

v.

**John ASHCROFT, Attorney General,* Respondent.**

No. 02–72718.

Agency No. A72–673–483.

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

Submitted Aug. 9, 2004.**

Decided Aug. 19, 2004.

Paula J. Solorio, Esq., Fellom & Solorio, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., Daniel E. Goldman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Jose Francisco Regalado–Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for suspension of deportation. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). We deny in part and dismiss in part the petition for review.

Petitioner's contentions that the BIA's summary affirmance without an opinion violates due process and that the BIA improperly streamlined his case are foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–54 (9th Cir.2003).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

We lack jurisdiction to review Petitioner's contention that he did not receive a full and fair hearing because this is not a colorable constitutional claim. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Not only does the record indicate that the IJ did consider Petitioner's sister's condition, but under the transitional rules a sibling is not a qualifying relative for purposes of the hardship determination. *See Kalaw,* 133 F.3d at 1151.

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Petitioner's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

